**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

MENASHE KASHI,

Plaintiff,

- against -

STMICROELECTRONICS, INC.,

Defendant.

-----------------------------------------------------------X

**ORDER**

CV 14-3774 (JMA) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

On March 24, 2017, the parties were directed to notify the Court whether there were any outstanding discovery issues which needed to be addressed before they started briefing the summary judgment motion. *See* 3/24/2017 Electronic Order. Counsel for Defendant submitted a response on March 28, 2017 which set forth, in relevant part, the following information:

> On April 26, 2017 [*sic*], ST filed a Motion to Compel seeking an order compelling Plaintiff to (1) sign an authorization for ST to obtain a copy of his Social Security Disability Benefits file, (2) sign an authorization to obtain specific medical records, and (3) respond to my questions at Plaintiff's deposition regarding his claim for attorney's fees. Since that date Judge Azrack has ordered Plaintiff to sign the authorization to release a copy of his Social Security Disability Benefits file to ST. However, the two other requests in ST's Motion to Compel are still pending.
>
> ST does not need the Court to rule on these two requests prior to filing its motion for summary judgment. But ST wants to reserve its right to pursue the remaining requests in its Motion to Compel if this case is not completely disposed of on summary judgment.

*See* DE 52. Counsel for Plaintiff subsequently filed an application seeking leave to file a motion to compel discovery and to file an amended complaint. *See* DE 53. According to Plaintiff's counsel, there are "deficiencies in the Defendant's responses to Plaintiff's Second Request for

the Production of Documents, Plaintiff's Second Set of Interrogatories, and Plaintiff's Requests for Admissions, which were served by the Defendant on August 10, 2016." Moreover, Plaintiff seeks to amend his Complaint to add a claim for retaliation, which, counsel represents, will require no additional discovery. Counsel for Defendant filed a response to Plaintiff's application outlining his reasons for opposing the request for leave to file a motion to compel and to amend the Complaint. *See* DE 54. The Court has reviewed the parties' submissions and makes the following rulings.

The Court will not permit Plaintiff's counsel to file a motion to compel discovery at this juncture. The original deadline for the completion of discovery was April 17, 2015. *See* DE 20. That date was subsequently held in abeyance and then extended to April 1, 2016 [DE 30], and then to June 1, 2016. *See* 4/4/2016 Electronic Order. On May 31, 2016, the deadline was further extended to June 30, 2016 and the Court cautioned the parties that there would be "***no further extensions***." *See* DE 41 (emphasis supplied). It was not until that very day, June 30, 2016, that Plaintiff served Defendant with "an extensive set of Requests for Admission, Interrogatories, and Request for Production of Documents," notwithstanding the fact the purported deficiencies were known to plaintiff in 2015 and that both sides were given several extensions to finish up discovery. DE 54.

Discovery demands must be served in advance of the fact discovery deadline so as to provide the opposing party with sufficient time to respond to those demands prior to the expiration of that deadline. *See Image Processing Technologies, LLC v. Canon Inc.*, No. 10-3867, 2012 WL 195558, at *1 (E.D.N.Y. 2012); *see also Curcio v. Roosevelt Union Free School Dist.*, 283 F.R.D. 102, 116 (E.D.N.Y. 2012); *Jones v. Hirschfeld*, No. 01-7585, 2003 WL

21415323, n.13 (S.D.N.Y. 2003); *DC Comics v. Kryptonite Corp*., No. 00-5562, 2002 WL 31159121, *1 (S.D.N.Y. 2002) (quoting James W. Moore, et al., 7 Moore's Federal Practice § 33.41[5] (3d ed.2000) ("When the court has established a discovery deadline, a party must serve interrogatories in sufficient time to permit the responding party the 30–day response time allowed under Rule 33 (and whatever extension may be applicable under Rule 6) before the discovery cut-off date.") (internal quotation marks omitted)). Since Plaintiff's demands were not served until the date fact discovery was set to close, the demands were untimely. Moreover, according to the parties' submissions, Defendant served its responses on Plaintiff on August 10, 2016. Plaintiff's counsel has therefore been aware of the purported deficiencies in those responses for more than seven months, yet has failed to take action until now, when summary judgment motion practice is set to commence on April 28, 2017. *See* 3/24/2017 Electronic Order. Given Plaintiff's untimeliness, the Court will not permit Plaintiff to file a motion to compel discovery at this late stage. *See In re Health Management, Inc*., No. 96-889, 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 25, 1999) (quoting 8a Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § (1994 & Supp. 1999)) (citing *Gault v. Nabisco Biscuit Co.*, No. 97–0613, 184 F.R.D. 620, 622 (D. Nev. 1999)) ("If the moving party has unduly delayed, [a] court may conclude that the motion is untimely.") (internal quotation marks omitted); *see also James v. U*.S., No. 992003 WL 22149524, at *6 (S.D.N.Y. 2003) (finding that a motion to compel discovery was untimely as fact discovery closed six months before the motion was filed and no argument justifying the delay was proffered).

As to Plaintiff's request for leave to file an amended complaint, the deadline to initiate the process of amending the pleadings expired on December 15, 2015 pursuant to the Case Management Order. *See* DE 12. Setting this fact aside for the moment, Plaintiff himself stated

in his application that "[t]he viability and merit of Plaintiff's retaliation claim became clear with Defendant's responses served on August 10, 2016." DE 53. Despite this alleged knowledge, however, Plaintiff did not take any steps to initiate the process for amending his Complaint until now. Notwithstanding the untimeliness of Plaintiff's request, the Court will permit Plaintiff to file a formal motion to amend. However, the Court notes that given the procedural posture of this case, the more demanding "good cause" standard under Fed. R. Civ. P. 16, as compared with the more lenient standard under Fed. R. Civ. P. 15, will govern the motion. *See Parker v. Columbia*, 204 F. 3d 326, 340 (2d Cir. 2000) (collecting cases); *see also Chrebet v. County of Nassau*, No. 09-4249, 2014 WL 1836835, at *11 (E.D.N.Y. 2014) (quoting Fed. R. Civ. P. 16(b)) ("According to Rule 16(b), the court must enter a scheduling order setting deadlines for subsequent proceedings in the case, including 'the time to join other parties [and] amend the pleadings.'"); *Alexander v. Westbury Union Free School Dist.*, 829 F. Supp. 2d 89, 117 (E.D.N.Y. 2011) ("'Rule 16(b)'s 'good cause' standard governs motions to amend filed after the deadline the court has set for amending pleadings, rather than the more liberal standard set forth in Rule 15(a) for motions to amend generally.'") (quoting *Bizouati v. City of New York*, No. 05-4133, 2008 WL 753886, at *1 (E.D.N.Y. Mar. 19, 2008)) (citing *Grochowski v. Phoenix Constr*., 318 F.3d 80, 86 (2d Cir.2003)); *Rent-A-Center v. 47 Mamaroneck Ave. Corp*., 215 F.R.D. 100, 103-04 (S.D.N.Y. 2003). "Good cause in this context depends on the diligence of the moving party, and, to satisfy the standard, the movant must demonstrate that it is has been diligent in its effort to meet the Court's deadlines." *Chrebet*, 2014 WL 1836835, at *11 (quoting *Sokol Holdings, Inc. v. BMB Munai, Inc*., No. 05-3749, 2009 WL 2524611, at *7 (S.D.N.Y. 2009), *aff'd* 2009 WL 3467758 (S.D.N.Y. 2009)) (internal quotation marks omitted) (citing *Enzymotec Ltd. v. NBTY, Inc.*, 754 F.Supp.2d 527, 536 (E.D.N.Y. 2011)). Plaintiff's motion papers and

memorandum of law must be filed on ECF by May 9, 2017. Defendant's opposition papers and memorandum of law must be filed on ECF by May 30, 2017. Reply papers, if any, must be filed by June 8, 2017.

And finally, the Court will permit the parties to reserve their rights with respect to the portions of Defendant's April 26, 2016 Motion to Compel that are still pending, which the Court understands to be Defendant's request to compel Plaintiff to "sign an authorization to obtain specific medical records" and "to respond to Defendant's questions at Plaintiff's deposition regarding his claim for attorney's fees." DE 52.

**SO ORDERED.**

Dated: Central Islip, New York
April 18, 2017

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge