UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MENASHE KASHI,

                Plaintiff,

    - against -

STMICROELECTRONICS, INC.,

                Defendant.
-------------------------------------------------------------X

**ORDER**

CV 14-3774 (JMA) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

Plaintiff Menashe Kashi ("Plaintiff") brought this action to recover monetary damages based on STMicroelectronics, Inc.'s ("Defendant") alleged violations of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.*, the New York State Human Rights Law, § 296 *et seq.*, the New York City Human Rights Law, § 8-101 *et seq.*, and other appropriate rules, regulations, statutes and ordinances. *See generally* Complaint [DE 1].

Presently before the Court is Plaintiff's Motion for Reconsideration of this Court's April 18, 2017 Order [DE 55] granting, in part, and denying, in part, Plaintiff's application seeking leave to file a motion to compel discovery and to amend the Complaint. Considering the parties' arguments and in light of the applicable standards under Fed. R. Civ. P. 59 and Local Civil Rule 6.3, Plaintiff's motion is DENIED.

**I.    RELEVANT BACKGROUND**

On March 24, 2017, the parties were directed to notify the Court whether there were any outstanding discovery issues which needed to be addressed before they started briefing summary judgment. *See* 3/24/2017 Electronic Order. Counsel for Defendant submitted a response on March 28, 2017 [DE 52], and counsel for Plaintiff subsequently filed an application seeking

leave to file a motion to compel discovery and to file an amended complaint. *See* DE 53. In his letter, Plaintiff's counsel represented there were "deficiencies in the Defendant's responses to Plaintiff's Second Request for the Production of Documents, Plaintiff's Second Set of Interrogatories, and Plaintiff's Requests for Admissions, which were served by the Defendant on August 10, 2016." *Id*. at 2. Moreover, Plaintiff sought to amend his Complaint to add a claim for retaliation, which, counsel represented, would require no additional discovery. *Id*. Counsel for Defendant filed a response to Plaintiff's application outlining his reasons for opposing the request for leave to file a motion to compel and to amend the Complaint. *See* DE 54.

On April 18, 2017, the Court issued an Order granting the portion of Plaintiff's application seeking leave to file an Amended Complaint, and denying the portion seeking leave to file a motion to compel discovery ("the Order"). *See generally* DE 55. Plaintiff filed a Motion for Reconsideration of that Order. *See* Plaintiff's Motion for Reconsideration ("Pl's. Mot.") [DE 56]. The Court subsequently approved a briefing schedule for the remainder of the motion. Defendant's Opposition was to be served by May 16, 2017 and Plaintiff's Reply by May 23, 2017. DE 59; 5/16/2017 Electronic Order. The parties agreed to file the Opposition and Reply papers on ECF on May 23, 2017. Defense counsel's Opposition to Plaintiff's motion for reconsideration was filed on May 24, 2017 [DE 62] and Plaintiff's Reply on May 23, 2017. DE 61.

With regard to Plaintiff's Motion to Amend the Complaint, counsel filed a motion seeking an extension of the briefing schedule set in the Court's April 18, 2017 Order. DE 57. The Court granted that request. 5/9/2017 Electronic Order. As such, Plaintiff's deadline to file his opening papers was extended to May 12, 2017 and Defendant's opposition papers were to be filed by June 2, 2017. The deadline for Plaintiff to file its Reply was extended to June 12, 2017.

2

*See* 5/9/2017 Electronic Order.  On May 15, 2017, Plaintiff requested a second extension of time, *nunc pro tunc*.  DE 60.  Counsel explained that his motion to amend was filed on May 13, 2017 at 2:04 a.m., two hours and four minutes after the deadline to do so had expired.  Counsel explains that the reason for the late filing was an unanticipated interruption due to a medical emergency involving one of his clients who was seriously injured on May 12, 2017.  Counsel therefore requested that the Court accept the motion as timely, and informed the Court that opposing counsel consented to the relief sought.

## II.    PLAINTIFF'S MOTION FOR RECONSIDERATION

A motion for reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 "is the proper vehicle for bringing to the Court's attention matters it may have overlooked in its initial ruling or order."  *Pall Corp. v. 3M Purification Inc.*, No. 03-CV-92, 2015 WL 5009254, at *1 (E.D.N.Y. Aug. 20, 2015) (citing Local Civil Rule 6.3).  "The standards governing motions to alter or amend judgment pursuant to [Federal Rule of Civil Procedure] 59(e) and motions for reconsideration or reargument pursuant to Local [Civil] Rule 6.3 are the same."  *DirecTV, LLC v. Borbon*, No. 14CV3468, 2015 WL 7281636, at *1 (E.D.N.Y. Nov. 16, 2015) (quoting *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007)) (internal quotation marks omitted); *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 256 (S.D.N.Y. 2017) (citing *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014), *aff'd*, 822 F.3d 620 (2d Cir. 2016); *Arnold v. Geary*, 981 F. Supp. 2d 266, 268–69 (S.D.N.Y. 2013), *aff'd*, 582 Fed. Appx. 42 (2d Cir. 2014)) (The standards under Rule 59 and Local Civil Rule 6.3 are "identical.").  "Accordingly, in the Second Circuit, a Rule 59(e) motion to alter or amend a judgment, like a motion for reconsideration or reargument under Local Civil Rule 6.3, will generally be denied unless the

3

moving party can point to controlling decisions or data that the court overlooked, and which the movant could reasonably believe would have altered the court's original decision." *Hu Yi Huan v. Fed. Gov't*, No. 10-CV-224, 2010 WL 2773646, at *1 (E.D.N.Y. July 12, 2010) (citing *Shrader v. CSX Transp., Inc*., 70 F.3d 255, 257 (2d Cir. 1995); *Shearard v. Geithner*, No. 09-CV-0963, 2010 WL 2243414, at *1 (E.D.N.Y. May 30, 2010); Local Civil Rule 6.3)); *DaCosta v. Tranchina*, No. 15-5174, 2018 WL 620477, *4 (E.D.N.Y. 2018) (quoting *Shrader*, 70 F.3d at 257); *Dira Realty, LLC/CMP Improvements, Inc.*, 2010 WL 5449851, at *2 (E.D.N.Y. Dec. 28, 2010). In determining a motion for reconsideration, a court should consider: (1) whether there has been "an intervening change of controlling law;" (2) whether there is new evidence presented that was not previously available on the original motion; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

"It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (quotation marks omitted); *see Wallace v. Brown*, 485 F. Supp. 77, 78 (S.D.N.Y. Oct. 9, 1979). Further, "[a] party seeking reconsideration may . . . no[t] advance new facts, issues or arguments not previously presented to the Court." *In re Facebook, Inc., IPO Sec. & Derivative Litig*., 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (quoting *Schonberger*, 742 F. Supp. at 119) (internal quotation marks omitted), *aff'd sub nom. Lowinger v. Morgan Stanley & Co. LLC*, 841 F.3d 122 (2d Cir. 2016)); *Norton v. Town of Brookhaven*, 47 F. Supp. 3d 152, 155 (E.D.N.Y. 2014) (citing *Analytical Surveys, Inc.*, 684 F.3d at 52).

"Reconsideration 'is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Sigmon v. Goldman Sachs Mortg. Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (quoting *Anwar v. Fairfield Greenwich Ltd.*, 164 F.Supp.3d 558, 560 (S.D.N.Y. 2016)). It is within the sound discretion of the district court whether or not to grant a motion for reconsideration. *See Gupta v. Attorney Gen. of United States*, 52 F. Supp. 3d 677, 679–80 (S.D.N.Y. 2014) (citing *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 132 (2d Cir.1999); *Mendell In Behalf of Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990), *aff'd sub nom. Gollust v. Mendell*, 501 U.S. 115, 111 S. Ct. 2173, 115 L. Ed. 2d 109 (1991)); *Callari v. Blackman Plumbing Supply, Inc.*, 988 F. Supp. 2d 261, 287 (E.D.N.Y. 2013) (citing *Kapsis v. Bloom*, No. 08 Civ. 3092, 2009 WL 414001, at *1 (E.D.N.Y. Feb. 17, 2009)).

Plaintiff's counsel argues that both prongs of the Court's ruling — (1) its decision to deny Plaintiff's request for leave to file a motion to compel, and (2) its decision to permit Plaintiff to file a Motion to Amend the Complaint as a formal motion on notice — are flawed since the Court overlooked "true facts." The Court addresses the two prongs of its decision individually below. Each discussion includes, for ease of reference, a reiteration of the Court's ruling, a discussion of Plaintiff's argument as to why and how that ruling should be altered, and, lastly, the Court's determination.

### A. The Court's Decision to Deny Plaintiff's Motion Seeking Leave to File a Motion to Compel

The Court denied the portion of Plaintiff's application seeking leave to file a motion to compel responses to outstanding discovery, namely, Plaintiff's Second Request for the Production of Documents, Plaintiff's Second Set of Interrogatories, and Plaintiff's Requests for

5

Admissions, on the grounds that the demands were untimely. The Court set forth the following timeline in support of its determination:

> The original deadline for the completion of discovery was April 17, 2015. *See* DE 20. That date was subsequently held in abeyance and then extended to April 1, 2016 [DE 30], and then to June 1, 2016. *See* 4/4/2016 Electronic Order. On May 31, 2016, the deadline was further extended to June 30, 2016 and the Court cautioned the parties that there would be "no further extensions." *See* DE 41 (emphasis supplied). It was not until that very day, June 30, 2016, that Plaintiff served Defendant with "an extensive set of Requests for Admission, Interrogatories, and Request for Production of Documents," notwithstanding the fact the purported deficiencies were known to plaintiff in 2015 and that both sides were given several extensions to finish up discovery. DE 54.

*Id*. at 2. In connection with this ruling, the Court articulated that "[d]iscovery demands must be served in advance of the fact discovery deadline so as to provide the opposing party with sufficient time to respond to those demands prior to the expiration of that deadline." *Id*. (collecting cases). Moreover, the Court noted that the responses were served on Plaintiff on August 10, 2016, yet counsel failed to take action with regard to their deficiencies until counsel filed its March 29, 2017 application. *Id*.

In his motion for reconsideration, Plaintiff's counsel argues that his discovery demands were in fact timely served on opposing counsel. Memorandum of Law in Support of Plaintiff's Motion for Reconsideration ("Pl's. Mem.") [DE 56-12] at 3-5. In support of his position, counsel points the Court to Plaintiff's May 27, 2016 motion [DE 40] seeking an extension of the fact discovery deadline from June 1, 2016 to June 30, 2016. *Id*. at 4. Specifically, counsel references the following language:

> The reason for the requested extension is to permit the Plaintiff to complete one final deposition, which the parties have agreed can be conducted on June 15, 2016; and further, to provide Plaintiff with the opportunity to obtain the deposition transcript, ***and serve any needed Requests for Admissions and a follow-up letter regarding***

6

> *any relevant documents requested at the deposition on or before June 30, 2016, which would be deemed timely*.

DE 40 at 1 (emphasis in original). Counsel argues that in granting Plaintiff's motion, "without any substantive limitation," the Court held that Plaintiff could serve the referenced Requests for Admissions and the "follow-up letter" on June 30, 2016, the extended deadline, and that such service would be timely. Pl's. Mem. at 4.

The Court has reviewed counsel's May 27, 2016 motion in conjunction with the Court's May 31, 2016 Order.[1] The relief Plaintiff seeks stands in direct contravention of case law and statutory law requiring that discovery demands be served in advance of the fact discovery deadline so as to provide the opposing party with sufficient time to respond to those demands prior to the expiration of that deadline. *See Image Processing Technologies, LLC v. Canon Inc.*, No. 10-3867, 2012 WL 195558, at *1 (E.D.N.Y. 2012); *see also Curcio v. Roosevelt Union Free School Dist.*, 283 F.R.D. 102, 116 (E.D.N.Y. 2012); *Jones v. Hirschfeld*, No. 01-7585, 2003 WL 21415323, n.13 (S.D.N.Y. 2003); *DC Comics v. Kryptonite Corp.*, No. 00-5562, 2002 WL 31159121, *1 (S.D.N.Y. 2002) (quoting James W. Moore, et al., 7 Moore's Federal Practice § 33.41[5] (3d ed.2000) ("When the court has established a discovery deadline, a party must serve interrogatories in sufficient time to permit the responding party the 30–day response time allowed under Rule 33 (and whatever extension may be applicable under Rule 6) before the

---

[1] The May 31, 2017 Order states the following:

> The Court has received Plaintiff's May 27, 2016 letter motion seeking to extend the June 1, 2016 fact discovery deadline to June 30, 2016. DE 40. Plaintiff's motion is hereby GRANTED, however the Court points that leaving a deposition until two weeks before the discovery deadline created the circumstances which counsel find themselves in now. The Court further cautions the parties that there will be no further extensions.

DE 41.

discovery cut-off date.") (internal quotation marks omitted)). And both sides have known full well the impor. T of the language "[t]he Court further cautions there will be no further extensions." Moreover, it does not appear that the interrogatories served on Defendant on June 30, 2016 were even contemplated in Plaintiff's May 27, 2016 request. *See* DE 40.

However, even if Plaintiff's demands were timely, Plaintiff's application seeking leave to file a motion to compel discovery certainly was not. In this regard, Plaintiff argues that the Court "overlooked true facts when it determined that 'Plaintiff's counsel has…been aware of the purported deficiencies in those responses for more than seven months, yet has failed to take action until now, when summary judgment motion practice is set to commence on April 28, 2017.'" Pl's. Mem. Plaintiff maintains that he first advised the Court of the deficiencies in Defendant's discovery responses in his September 7, 2016 Opposition to Defendants' letter motion seeking a pre-motion conference before Judge Azrack. Pl's. Mem. at 7. Plaintiff claims that Judge Azrack "chose to defer her ruling during the pre-motion/settlement process that lasted from August 31, 2016, when the Defendant's requested a pre-motion conference, until March 23, 2017, when the settlement conference was completed." *Id*. at 10.

Plaintiff's argument is unpersuasive. By the time Plaintiff filed his September 7, 2016 letter, the discovery deadline had long expired. Moreover, Plaintiff's letter was addressed to Judge Azrack and constituted an opposition to Defendants' motion for a pre-motion conference. Although the status of discovery may have been relevant to Plaintiff's position with regard to summary judgment motion practice, Plaintiff's Opposition was not the proper vehicle for seeking a further extension of discovery deadlines when discovery had already been proceeding before

8

this Court[2] and it was this Court that set — and extended — the fact discovery deadlines. For this reason, the Court is equally unpersuaded by Plaintiff's argument that Judge Azrack somehow "deferred" ruling on Plaintiff's request for leave to file a motion to compel.

When the Court issued its April 18, 2017 Order, it was fully aware that the parties were engaged in settlement discussions before Judge Azrack. However, these discussions did not, without a ruling to that effect, extend long expired discovery deadlines set by this Court without an Order stating such. Plaintiff's reference to the language in Judge Azrack's March 23, 2017 civil conference minute order does not convince the Court otherwise. The Order provides, in relevant part, as follows: "Case not settled. The parties should complete discovery before Judge Tomlinson." Discovery had already been proceeding before this Court, so it is unremarkable that Judge Azrack referred the continuation of discovery, including the handling of any requests to extend discovery deadlines, back to the undersigned. The Court also notes that in Judge Azrack's Order immediately preceding the March 23, 2017 minute order, the Judge denied, without prejudice, a motion filed by Plaintiff on June 28, 2016 by Plaintiff seeking an extension of the *expert* discovery deadline, *sine die* [DE 42]. *See* 3/6/2017 Electronic Order. Judge Azrack granted Plaintiff leave to renew his motion in the event the parties did not reach a

---

[2] The Court notes that during the January 31, 2017 conference, Judge Azrack granted the portion of Defendant's April 26, 2016 application [DE 35] seeking an order compelling Plaintiff to sign a Consent for Release of Information form from the Social Security Administration. DE 49. Judge Azrack directed that "Plaintiff will execute the consent form to the extent it grants defendant access to plaintiff's social security benefits application, award letter, and the amount of benefits he received." It appears this was ordered to facilitate settlement discussions since a settlement conference was scheduled during that conference. This Court stated in its April 18, 2017 Order that it would "permit the parties to reserve their rights with respect to the portions of Defendant's April 26, 2016 Motion to Compel that are still pending, which the Court understands to be Defendant's request to compel Plaintiff to "sign an authorization to obtain specific medical records" and "to respond to Defendant's questions at Plaintiff's deposition regarding his claim for attorney's fees." DE 52.

9

settlement. Plaintiff's position that is also belied by the fact that Judge Azrack ultimately granted Defendant's request for a pre-motion conference and set a briefing schedule for its motion for summary judgment, over the objections of Plaintiff. *See* 10/21/2016 Order; *see also* DE 50.

Plaintiff also takes issue with the following sentence located on page 2 of the Court's April 18, 2017 Order: "Plaintiff served Defendant with 'an extensive set of Requests for Admission, Interrogatories, and Request for Production of Documents,' notwithstanding the fact the purported deficiencies were known to plaintiff in 2015 and that both sides were given several extensions to finish up discovery." DE 55 at 2. With regard to the use of the adjective "extensive," the Court was quoting Defendant's Opposition to Plaintiff's motion. *See* DE 54. The Court acknowledges that the date "2015" was mistakenly used when Plaintiff was not served with responses to the aforementioned requests until *August 2016*.

Although Plaintiff construed the language in the Court's May 31, 2017 Order as a determination that Plaintiff's service of the Requests for Admissions and follow-up letter on the discovery cut-off date would be timely, and the Court mistakenly used the date "2015" when Plaintiff was not aware of the purported deficiencies in Defendant's responses until August 2016, such findings do not alter the Court's conclusion with regard to its denial of Plaintiff's request to file a motion to compel. *Compare United States v. Sleiman*, No. 12 CV 6393. 640, 2013 WL 410979, at *1 (S.D.N.Y. Jan. 31, 2013) (denying the plaintiff's motion for reconsideration on the grounds, in relevant part, that even if the Court erred, it would not have altered its ultimate conclusion) *with Schoolcraft v. City of New York*, 298 F.R.D. 134, 138 (S.D.N.Y. 2014) (quoting *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 606 (S.D.N.Y. 2012)) (granting reconsideration where the facts overlooked by the court altered the court's conclusion). Therefore, the portion of

10

Plaintiff's motion for reconsideration pertaining to the deadline to file a motion to compel additional discovery is DENIED.

### B. The Court's Decision to Permit Plaintiff to file a Motion to Amend the Complaint

In the Court's March 18, 2017 Order, it held the following with respect to Plaintiff's ability to amend the Complaint:

> As to Plaintiff's request for leave to file an amended complaint, the deadline to initiate the process of amending the pleadings expired on December 15, 2015 pursuant to the Case Management Order. *See* DE 12. Setting this fact aside for the moment, Plaintiff himself stated in his application that "[t]he viability and merit of Plaintiff's retaliation claim became clear with Defendant's responses served on August 10, 2016." DE 53. Despite this alleged knowledge, however, Plaintiff did not take any steps to initiate the process for amending his Complaint until now. Notwithstanding the untimeliness of Plaintiff's request, the Court will permit Plaintiff to file a formal motion to amend. However, the Court notes that given the procedural posture of this case, the more demanding "good cause" standard under Fed. R. Civ. P. 16, as compared with the more lenient standard under Fed. R. Civ. P. 15, will govern the motion.

4/18/2017 Order at 3-4 (collecting cases).

Plaintiff argues that "the Court overlooked the true facts when it determined that 'Plaintiff did not take any steps to initiate the process for amending his Complaint until now,' and further noted the 'untimeliness of Plaintiff's request." In support of his position, Plaintiff asserts that, like his intent to file a motion to compel, he addressed the issue of amending the Complaint in his September 7, 2016 letter to Judge Azrack and that she "deferred resolution of this issue during the period of the pre-motion and settlement conferences, which ran from August 31, 2016 to March 23, 2017." Pl's. Mem. at 12. This Court was fully aware that Plaintiff mentioned his intent to amend the Complaint in his September 7, 2016 communication to Judge Azrack. The fact of the matter is, however, that the deadline to initiate the process of amending the pleadings expired on December 15, 2014, well before that communication was

11

filed and Plaintiff was aware of that fact.  DE 10 ¶ 5; DE 12.  In light of this information, Plaintiff's request to amend his complaint was indeed untimely.

Due to the untimely nature of Plaintiff's request, the Court held that it would permit Plaintiff to file a Motion to Amend the Complaint.  The Court concluded that in light of the procedural posture of the case, Plaintiff would be required to satisfy the "good cause" standard under Fed. R. Civ. P. 16.  Plaintiff does not appear to object to application of the "good cause" standard.  Rather, Plaintiff appears to be arguing that he should not be required to seek the desired relief in a formal motion on notice, arguing that he already satisfied the "good cause" standard in his March 29, 2017 letter.  It is common practice for Courts to require plaintiffs to file motions to amend complaints as formal motions on notice.  *See e.g., Fahlund v. Nassau Cty.*, 265 F. Supp. 3d 247, 253 (E.D.N.Y. 2017) ("The Court denied the letter motion without prejudice, and directed the Plaintiff to file his motion to amend as a formal motion."); *Amaya v. Roadhouse Brick Oven Pizza, Inc.*, 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("The letter motion was denied, without prejudice, because the Court requires motions to amend to be filed as formal motions pursuant to the Federal Rules of Civil Procedure."); *Bernhard v. Cent. Parking Sys. of New York, Inc.*, 282 F.R.D. 284, 286 (E.D.N.Y. 2012) ("[T]he Court denied the letter request without prejudice and directed the Plaintiffs to file a formal motion in accordance with the Court's individual rules governing motion practice.").  This is not news to Plaintiff's counsel.  As such, the Court declines to alter its ruling requiring Plaintiff to file its request to amend the Complaint as a formal motion on notice.

Notwithstanding the denial of Plaintiff's motion for reconsideration, the Court does wish to point out one issue where the Court finds Plaintiff may be entitled to relief.  According to Plaintiff's counsel, during the June 15, 2016 final deposition, he placed certain requests for

documents on the record as certain issues were addressed in that deposition.  To the extent that counsel actually made a statement in the record requesting one or more documents to be produced as a result of the testimony, then Plaintiff is entitled to receive those documents from Defendant to the extent that the Defendant has not objected to the production of any one or more of those documents.  Although it is customary for counsel to follow up with a letter post-deposition requesting those documents, an oral request at a deposition for production of a document is sufficient.  *See Shum Yip (USA) Co. v. Chiu*, No. 92 Civ. 1499, 1993 WL 426835, at *3 (S.D.N.Y. Oct. 19, 1993); *see also Alexander Interactive, Inc. v. Adorama, Inc.,* No. 12 Civ. 6608, 2014 WL 61472, at *5 n. 2 (S.D.N.Y. Jan.6, 2014) ("While Rule 34 contemplates only written document requests, it is common practice in this District for lawyers to make oral requests during depositions.") (citing *Jackson v. Novell, Inc.,* No. 94 Civ. 3593, 1995 WL 144802, at *1 (S.D.N.Y. April 3, 1995)); *Alter v Rocky Point School Dist.*, 13-1100, 2014 WL 4966119, at *6 (E.D.N.Y. Sept. 30, 2014).   It would exalt form over substance to allow the Defendant not to produce relevant documents that were requested at a deposition.  *Id.*  Therefore, to the extent the deposition transcript shows that Plaintiff's counsel requested certain documents during the June 15, 2016 deposition, and to the extent that those documents have not been produced, the Court directs Defendant's counsel to produce those documents within 14 days of entry of this Order, unless Defendant has a good faith basis to object to such production on an item by item basis.  If Defendant's counsel in the next two objects, then he will be required to file a motion for a protective order within the same timeframe.

**III.   CONCLUSION**

In light of the foregoing analysis, Plaintiff's Motion for Reconsideration is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
       March 30, 2018

<u>/s/ A. Kathleen Tomlinson</u>
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

Case 2:14-cv-03774-KAM-PK   Document 67   Filed 03/30/18   Page 14 of 14 PageID #: 586